JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tracie Gardner

## DEFENDANTS
Ulta Beauty, Inc.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia Pa 19110 215 557 9550

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability |  |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment | 510 Motions to Vacate Sentence |  | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Other: 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education | 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  |  | 555 Prison Condition |  |  |  |
|  |  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 612, ADEA, and 42 USC 12101, ADA

Brief description of cause:
Employment discrimination - age and disability discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: NONE
DOCKET NUMBER: _____

DATE: 8/2/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Malvern, Pennsylvania__

Address of Defendant: __Newtown Square, Pennsylvania__

Place of Accident, Incident or Transaction: __Newtown Square, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: __None__     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [■] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/2/2021__     *Attorney-at-Law / Pro Se Plaintiff* (signed)     37692
*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify): _____*

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify): _____*
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert T Vance Jr__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __8/2/2021__     *Attorney-at-Law / Pro Se Plaintiff* (signed)     37692
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**United States District Court for the Eastern District of Pennsylvania**

| | |
|---|---|
| Tracie Gardner | : |
| | : |
| vs | : Civil Action No. |
| | : Jury Trial Demanded |
| Ulta Beauty, Inc. | : |

*Complaint*

Plaintiff, Tracie Gardner, brings a series of claims against Defendant, Ulta Beauty, Inc., of which the following is a statement:

*Jurisdiction and Venue*

1.　This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 2000d-2, 2000e-5(f), this action being brought under the Age Discrimination in Employment Act of 1967, Pub. L. 90-202, 29 U.S.C. §§ 621-634 (the "ADEA"), and the Americans With Disabilities Act of 1990, as amended, Pub. L. 101-336, 42 U.S.C. § 12101 et seq. (the "ADA"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory practices of defendant. This Court may exercise supplemental jurisdiction over Ms. Gardner's state law claim under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq., (the "PHRA"), pursuant to 28 U.S.C. §1367.

2.　Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

*The Parties*

3.　Plaintiff, Tracie Gardner, is over the age of 40, a female citizen of the United States and a resident of this judicial district.

4. Defendant Ulta Beauty, Inc., is an American chain of beauty stores that carries cosmetics and skincare brands, men's and women's fragrances, nail products, bath and body products, beauty tools and haircare products. Defendant's headquarters is 1000 Remington Boulevard, Suite120, Bolingbrook IL 60440, and has a principal place of business in this judicial district.

5. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

6. Ms. Gardner timely filed a charge of age and disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has commenced this action within 90 days of receipt of the NRTS.

### *Background Facts*

7. Plaintiff, Tracie Gardner, was employed as a Prestige Sales Manager (PSM) for defendant until February 18, 2020, when she was terminated because of her age and disability.

8. Just prior to her termination, Ms. Gardner was assigned to defendant's Newtown Square Store #1247. PSMs are directly supervised by the General Manager (GM) assigned to a store. However, at the time of her termination, Ms. Gardner's prior GM had left defendant on January 6, 2020.

9. As a PSM, Ms. Gardner, among other duties, provided product training for her employee team on products sold by defendant. As was customary, after the training was completed, free samples of the products, also known as "gratis," were provided to employees.

10. According to defendant's policy, the approval of the relevant GM is necessary to give out the gratis, and a number of steps are required before employees are given gratis. First, an employee must complete the product training. Second, the employee must show the product to at least 3 customers. Third, the employee is given the gratis. Gratis is not part of a store inventory.

11. On February 18, 2020, when Ms. Gardner reported to work and upon completing her shift, she was met by Craig, one of defendant's Loss Prevention Officers. He escorted Ms. Gardner to his office, where he proceeded to interrogate her about an alleged violation of defendant's policy regarding providing gratis to employees, and informed her that she was being suspended pending further investigation.

12. According to Craig, Ms. Gardner violated defendant's policy regarding gratis on January 17, 2020 by giving gratis to employees without a GM being assigned to the store.

13. On February 18, 2020, Ariel Oswald, a female less than 40 years old, who became the GM assigned to store #1247 on or about February 2, 2020, called Ms. Gardner and told her that she was being terminated.

14. Numerous times over the 3-year period prior to her termination, with defendant's knowledge and acquiescence, Ms. Gardner had given gratis to employees without a GM being assigned to the store.

15. Prior to terminating Ms. Gardner, Oswald told Amber Murray, a female employee less than 40 years old, to apply for PSM at store #1247.

16. Prior to her termination, Ms. Gardner had applied and been approved for a Leave of Absence from February 6, 2020 through March 19, 2020.

17. On February 13, 2020, Oswald called Ms. Gardner and asked her about the LOA. Ms. Gardner told Oswald that she intended to continue working until all the relevant paperwork had been completed.

18. Ms. Gardner typically worked from 10:00 am until 6:30 pm. However, Oswald changed Ms. Gardner's hours to 11:00 am until 8:00 pm, which caused severe disruption in Ms. Gardner's home schedule, particularly as respects her 13-year old son. In addition, at the time Ms. Gardner was being treated for depression and anxiety related to the death of her husband.

19. RSM Vanessa Jones, less than 40 years old, on January 17, 2020 also provided gratis to employees without a GM being assigned to the store, but was not terminated.

20. Ms. Gardner did not violate defendant's policy regarding gratis, because as PSM, she was the director of the Prestige Department, and according to the policy, authorized independently to give out gratis.

21. Ms. Gardner was the oldest employee working at her location. Oswald offered Ms. Gardner's PSM position to two employees younger than 40 before Ms. Gardner was terminated. Oswald earlier had commented about Ms. Gardner that "she doesn't want to be here."

22. Because of her diagnosis of depression, Ms. Gardner had a disability within the meaning of the ADA.

23. Defendant terminated Ms. Gardner because of her age and disability, perceived disability or record of having been disabled, in violation of the ADEA and the ADA.

24. Ms. Gardner has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination.

25. By reason of defendant's discrimination, Ms. Gardner suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

26. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Gardner's rights.

### *Count I*

### *The Americans With Disabilities Act, 42 U.S.C. §12101 et seq.*

27. Plaintiff restates and realleges paragraphs 1-26, inclusive, as though set forth here in full.

28. Defendant discriminated against Ms. Gardner, a qualified individual with a disability, by failing to make reasonable accommodations to her known limitations, and by otherwise discriminating against her because of her disability, in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12111-12117.

29. Defendant's conduct was intentional, deliberate, willful and in callous disregard of Ms. Gardner's rights.

30. By reason of defendant's discrimination and retaliation, Ms. Gardner is entitled to all legal and equitable relief available under the ADA.

### *Count II*

### *The Age Discrimination in Employment Act, 29 U.S.C. §§621-634*

31. Plaintiff restates and realleges paragraphs 1-30, inclusive, as though set forth here in full.

32. Ms. Gardner had a federal statutory right under the ADEA to be accorded the same rights as were enjoyed by employees under the age of 40 with respect to the terms and

conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

33. Defendant's conduct deprived Ms. Gardner of the rights, privileges and immunities guaranteed to her under the ADEA.

34. By reason of defendant's conduct, Ms. Gardner is entitled to all legal and equitable relief available under the ADEA.

### *Count III*

### *Pennsylvania Human Relations Act, 43 P.S. §951 et seq.*

35. Plaintiff restates and realleges paragraphs 1-34, inclusive, as though set forth here in full.

36. Defendant's action in terminating Ms. Gardner's employment because of her age and disability, perceived disability or record of having been disabled, violated the Pennsylvania Human Relations Act (the "PHRA").

37. Defendant's conduct described above deprived Ms. Gardner of the rights, privileges and immunities guaranteed to her under the PHRA.

38. By reason of defendant's conduct, Ms. Gardner is entitled to all legal and equitable relief available under the PHRA.

### *Jury Demand*

39. Ms. Gardner hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Tracie Gardner, respectfully prays that the Court:

a. adjudge, decree and declare that defendant engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein are violative of her rights under the ADA, the ADEA, and the PHRA;

b. order defendant to provide appropriate job relief to Ms. Gardner, including reinstatement;

c. enter judgment in favor of Ms. Gardner and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Gardner associated with this case;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Tracie Gardner*